BEN T. HOSKING, Plaintiff in Error, *vs.* THE SOUTHERN PACIFIC COMPANY, Defendant in Error.

*Opinion filed December 22, 1909—Rehearing denied Feb. 2, 1910.*

1. COURTS—*municipal court of Chicago is a city court.* The municipal court of Chicago, though it ·is a part of a scheme of local government for the city of Chicago, is in all essential respects a city court, and jurisdiction of the Appellate Court to review its judgments is not dependent upon the Municipal Court act.

2. PRACTICE—*Appellate Court may review judgment of municipal court in a fourth class case.* Section 23 of the Municipal Court act, providing that judgments of the municipal court in fourth class cases shall be reviewed by writ of error only, is not the source of the Appellate Court's jurisdiction to· review such judgments, but such jurisdiction exists by reason of the provision of the Appellate Court act concerning the review of judgments of city courts.

3. SAME—*the municipal court has power to vacate judgment within thirty days.* Section 21 of the Municipal Court act gives that court the same power to vacate judgments within thirty days after their rendition that circuit courts have to vacate judgments at the same term at which they are rendered.

4. SAME—*effect of motion to vacate judgment and for a new trial.* If, at the term at which a judgment is entered, a motion is made to set aside the judgment and for a new trial, the judgment does not become final until such motion is disposed of, even though the motion is continued to a subsequent term. (*Hibbard* v. *Mueller,* 86 Ill. 256, and *Hearson* v. *Graudine,* 87 id. 115, followed.)

5. SAME—*when time for suing out writ of error in fourth class cases is extended.* Where a motion to vacate the judgment and for a new trial is made in a fourth class case within thirty days from the entry of judgment by the municipal court, the thirty days within which a writ of error must be sued out to review such

judgment does not begin to run until the judgment becomes final by a denial of the motion.

6. SAME—*what is a sufficient finding of fact by the Appellate Court.* In an action to recover from a carrier for the loss of the plaintiff's trunk and its contents, a finding by the Appellate Court, in its judgment of reversal, that "the evidence fails to show a delivery of the trunk and contents" by the plaintiff to the defendant, is a sufficient finding of the ultimate fact that the trunk was not delivered to the defendant.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding.

This suit was commenced by the plaintiff in error as an action of the fourth class, in the municipal court of Chicago. The bill of particulars stated: "Plaintiff's claim is for the value of a trunk and contents, the property of plaintiff, lost by defendant while same was in its possession at or near the city of San Francisco, State of California, on or about the 18th day of April, 1906." The plaintiff in error claimed that the trunk was delivered to defendant in error in San Francisco just preceding the fire resulting from the earthquake there, and that while in the possession of defendant in error it was destroyed. The defendant in error denied that the trunk and its contents had been delivered to it. A trial by the court without a jury was had the 24th of December, 1907, and a judgment rendered for plaintiff in error for the sum of $997.50 and costs. Immediately upon the court announcing its finding defendant in error made an oral motion for a new trial, which appears to have been overruled promptly and without argument. On the 18th of January, and within thirty days from the date of the trial and judgment, defendant in error filed a written motion to set aside and vacate the judgment and for a new trial. This motion was not passed upon until February 8, when it was overruled. Defendant

in error thereupon asked and was allowed thirty days' time from that date to prepare and present a bill of exceptions. On the 17th day of February, more than thirty days after the judgment was entered but within thirty days after the motion for a new trial was overruled, the defendant in error sued a writ of error out of the Appellate Court for the First District to review the judgment of the municipal court. Said Appellate Court reversed the judgment of the municipal court with a finding of facts and rendered judgment against defendant in error in that court (plaintiff in error here) for costs. The Appellate Court granted a certificate of importance, and the plaintiff in error sued a writ of error out of this court to the Appellate Court to review the judgment of that court.

SHERIFF, DENT, DOBYNS & FREEMAN, for plaintiff in error:

The municipal court of Chicago is an integral part of the municipal government of the city, and is not a part of the judicial system of the State of Illinois. *Miller* v. *People*, 230 Ill. 65; *Chicago* v. *Reeves*, 220 id. 274.

The general statutes regulating practice and procedure in the courts of the State have no statutory application to the municipal court of Chicago. *Morton* v. *Pusey*, 237 Ill. 26.

The provisions of the Municipal Court act cannot operate upon the practice or procedure in cases pending in any other court. *Clowry* v. *Holmes*, 238 Ill. 577.

The Appellate Courts have no jurisdiction to review any case adjudicated in the municipal court of Chicago. Const. of 1870, art. 6, secs. 11, 29; art. 4, secs. 13, 34; Appellate Court act, sec. 8; *Clowry* v. *Holmes*, 238 Ill. 577.

A writ of error or an appeal presents for review only the order to which it runs, and not prior orders to which no writ of error or appeal has been taken. *Insurance Co.* v. *Chamber of Commerce*, 69 Ill. 22; *Guyer* v. *Wilson*, 139 id. 392.

Defendant's right to have a writ of error running to the judgment of December 24, 1907, expired thirty days thereafter. Municipal Court act, sec. 23; *Parr* v. *VanHorne*, 40 Ill. 122; *Insurance Co.* v. *Chamber of Commerce*, 69 id. 22; *Guyer* v. *Wilson*, 139 id. 392; *Sholty* v. *McIntyre*, 136 id. 33; *Kirkwood* v. *Steele*, 168 id. 177.

The entering and pendency of a motion for a new trial after judgment does not operate in any way to suspend the judgment or to impair its force or conclusiveness as a basis for a writ of error. *Parr* v. *VanHorne*, 40 Ill. 122.

JOHN MAYNARD HARLAN, and LEWIS W. MCCANDLESS, (OLIVER B. WYMAN, of counsel,) for defendant in error.

Per CURIAM: It is first contended by plaintiff in error that the Appellate Court had no jurisdiction to issue the writ of error and review the judgment in this case. The argument made in support of this contention is, that the municipal court of the city of Chicago is not a part of the judicial department of the State government but is an integral part of the city government of Chicago, established under authority of a constitutional amendment, and that said municipal court is so essentially different from any courts in existence before said constitutional amendment was adopted, that statutes previously enacted relating to the jurisdiction of Appellate Courts and to the practice and procedure therein have no application to the municipal court of the city of Chicago. From this it is argued that the jurisdiction of the Appellate Court to review judgments of the municipal court is dependent upon the Municipal Court act alone, and it is insisted that this is a subject not embraced in the title of the act, and therefore the provisions relating to the jurisdiction of the Appellate Court to review judgments of the municipal court are invalid, as being in violation of section 13 of article 4 of the constitution, which provides that an act of the legis-

lature shall not embrace more than one subject and that shall be expressed in the title.

The title of the Municipal Court act is, "An act in relation to a municipal court in the city of Chicago." While it is true the municipal court is part of a scheme for local government for the city of Chicago, it is in all essential respects a city court. This was so held in *Miller* v. *People,* 230 Ill. 65, where this court, after referring to the status and jurisdiction of various courts established under other constitutional provisions within and for cities and to decisions defining their powers and jurisdiction, said (p. 78) : "In these cases the courts were called courts of common pleas, city courts or a recorder's court, but they were all municipal courts under various names and were the same kind of courts as the municipal court of Chicago. It must be held that the General Assembly in proposing and the people in adopting the amendment had in view the construction uniformly given by this court as to territorial limits of the city or municipal courts." That being true, the jurisdiction of the Appellate Court was not dependent upon the Municipal Court act. Its jurisdiction existed by reason of the act establishing Appellate Courts, which gives them jurisdiction to review judgments of city courts. Moreover, in our view section 23 of the Municipal Court act does not purport to confer jurisdiction upon the Appellate Court to review judgments of said municipal court. So much of that section as is necessary for the purposes of this opinion reads as follows: "That the final orders and judgments of the municipal court in cases of the fourth class * * * shall be reviewed by writ of error only. * * * The time within which a writ of error may be sued out in any such case shall be limited to thirty days after the entry of the final order or judgment complained of." That section is not an attempt to confer appellate jurisdiction on any court, but is merely a recognition of the jurisdiction of courts already existing, and a limit is provided to

the time within which writs of error may be sued out of the Appellate Court in the exercise of its jurisdiction existing under other provisions to review judgments of the municipal court. The title of the act creating the criminal court of Cook county is, "An act to revise the law in relation to the criminal court of Cook county," and section 6 of the act provides for the review of the judgments of that court upon appeal or writ of error, yet the validity of the act has never been questioned, so far as we know, on the ground that it was in violation of section 13 of article 4 of the constitution. The same may also be said of the acts relating to county courts, probate courts and city courts, none of which have a more comprehensive title than the Municipal Court act.

Section 23 of the Municipal Court act provides that judgments of that court in cases of the fourth class shall be reviewed by writ of error only, and the time for suing out the writ in such cases is limited to thirty days "after the entry of the final order or judgment complained of." It will be seen from the statement preceding this opinion that the judgment of the municipal court was entered December 24, 1907. January 18, 1908, defendant filed a motion to set aside and vacate the judgment and for a new trial. This motion was filed within thirty days after the entry of the judgment but was not passed upon within that period. It was continued from time to time until February 8, 1908, when it was overruled. Within thirty days after this motion was overruled the writ of error was sued out of the Appellate Court. Plaintiff in error, who was defendant in error in the Appellate Court, moved the court to dismiss the writ, among other reasons, because it was not sued out in time, and also to strike from the record the statement of facts certified by the municipal court. These motions were denied, the Appellate Court holding that the writ was sued out in apt time and that the statement of facts was properly certified by the court. There

is no dispute that the judgment was, in fact, entered by the municipal court December 24, considerably more than thirty days before the writ of error was sued out of the Appellate Court. The question then arises, what, if any, effect the motion to vacate and set aside the judgment, made within thirty days after it was rendered but not disposed of until more than thirty days after that time, had in fixing the time when the judgment became final and the time allowed for suing out a writ of error began to run.

There are no terms of the municipal court, but section 21 of the Municipal Court act gives that court the same power to vacate judgments within thirty days after their rendition that circuit courts have to vacate judgments at the same term at which they are rendered. It is not denied by plaintiff in error that the entry of a motion at the term at which a judgment is rendered, to vacate it, may be continued to a subsequent term and the court thereby retain jurisdiction to dispose of the motion by either allowing or denying it. The contention is, however, that this does not stay the running of the time fixed within which the writ may be sued out. It is argued that in courts having terms fixed by law, although by making a motion to vacate the judgment at the term at which it was rendered and continuing it to a subsequent term the court retains jurisdiction of the case to determine said motion, the judgment cannot be reviewed on appeal after the determination of the motion because the statute requires appeals to be prayed and allowed at the term at which the judgment was entered; and it is also insisted that the same rule is applicable to municipal court judgments, and that while they have no terms fixed by law, the statute authorizes the review of judgments of that court in cases of the fourth class by writ of error only when such writ is sued out within thirty days after entry of final judgment, and that if the municipal court has power to pass upon a motion to vacate a judgment made within thirty days after its rendition, after

that time has expired, the time within which the writ may be sued out must be computed from the date of the entry of the judgment and not from the date the motion was disposed of.

The decisions of this court principally relied upon by plaintiff in error are *National Ins. Co.* v. *Chamber of Commerce,* 69 Ill. 22, and *Parr* v. *VanHorne,* 40 id. 122. In *National Ins. Co.* v. *Chamber of Commerce* a motion was made to vacate the judgment at the term at which it was rendered and continued to a subsequent term, when it was denied. The defeated party appealed, but it seems the bill of exceptions did not contain the evidence or anything else that occurred on the trial, but simply set forth the motion, the affidavits in support of it and the order of the court overruling the motion. That, of course, preserved nothing for review affecting the correctness of the judgment itself, but in disposing of the case the court said the trial court had no authority to allow the motion to vacate the judgment after the term at which it was rendered had expired. In *Parr* v. *VanHorne, supra,* it was held the making of a motion to vacate and set aside a judgment could not operate in any way to suspend the judgment or impair its force and conclusiveness.

It must be admitted that what is said in these cases tends to support the position of plaintiff in error, but *National Ins. Co.* v. *Chamber of Commerce* did not really involve the question here under discussion, for the appeal in that case brought up for review nothing but the decision of the trial court in denying the motion to vacate the judgment, and that case has been overruled in the subsequent cases of *Hibbard* v. *Mueller,* 86 Ill. 256, and *Hearson* v. *Graudine,* 87 id. 115. In the *Hibbard case* it was held that where a motion is made at the term at which judgment is rendered to vacate and set it aside and is continued to a subsequent term, the court retains control over the judgment and has power to allow the motion at a sub-

sequent term.   In *Hearson* v. *Graudine* it was held that
where a motion is made to vacate and set aside a judg-
ment the court retains jurisdiction at a subsequent term to
allow it, and that the judgment does not become final, in
a technical sense, until the motion is disposed of.

*People ex rel.* v. *Gary,* 105 Ill. 264, was a petition for
*mandamus* to require Judge Gary to sign a bill of excep-
tions tendered to him.   A judgment was rendered against
the party tendering the bill of exceptions, at the December
term of court.   A motion was made at the same term to
vacate the judgment and for a new trial, but it was not
disposed of until the February term following, when it
was denied.   The party against whom the judgment was
rendered prayed an appeal and obtained an order giving
him time to prepare and present a bill of exceptions.   With-
in the time allowed he presented a bill of exceptions pur-
porting to contain all the evidence heard on the trial of
the cause and the judge declined to sign it.   The judge
appears to have been willing to sign a bill of exceptions
reciting all that occurred upon the hearing of the motion
to vacate the judgment and for a new trial.   This not be-
ing satisfactory to the complaining party, a petition was
filed in this court for a peremptory writ of *mandamus* com-
manding the judge to sign a bill of exceptions containing,
the evidence heard at the trial.   The court said (p. 269) :
"Was the application of petitioner for a bill of exceptions
on February 2, 1880, made in apt time, or was he bound
to present the bill of exceptions to the judge at the De-
cember term, when the cause was tried?   It will be ob-
served that petitioner entered a motion for a new trial at
the term of court the cause was tried.   The court ad-
journed without disposing of the motion, and under sec-
tion 38 of chapter 37 (Rev. Stat. 1874,) the motion stood
continued until the next term of court, when, by order of
court, the motion was continued until February 2, 1880,
and then heard and overruled.   The petitioner was not

bound to present a bill of exceptions until such time as a final judgment should be rendered in the cause, and as the legal effect of the motion for a new trial, when regularly continued, was to stay final judgment until the motion was overruled, as held in *Hearson* v. *Graudine,* 87 Ill. 115, it seems plain that petitioner's motion for a bill of exceptions on the second day of February, 1880, was made at the proper time. As we understand the practice, at the time the motion for a new trial was overruled and the judgment became final, petitioner was then required, if he desired a bill of exceptions signed, to present it to the court for the signature of the judge or obtain an order of court extending the time to a future day.—*Evans* v. *Fisher,* 5 Gilm. 453'; *Hance* v. *Miller,* 21 Ill. 636; *People* v. *Williams,* 91 id. 87."

In the case under review in *Village of Hinsdale* v. *Shannon,* 182 Ill. 312, the judgment was entered May 4, 1896, in the county court. During the same month and term a motion to vacate and set it aside and for a new trial was filed. This motion was not passed upon until a subsequent term. In the meantime the judge who presided at the trial and rendered the judgment went out of office and was succeeded by another man, who overruled the motion, allowed an appeal and signed the bill of exceptions. This court said (p. 318): "The legal effect of the motion entered to set aside the judgment and grant a new trial, which was continued from term to term until the same was finally overruled, was to stay a final judgment until such motion was overruled. (*People ex rel.* v. *Gary,* 105 Ill. 264.) When the motion for a new trial was so finally overruled the judgment became final and a bill of exceptions could then be tendered to be signed by the judge."

In *Donaldson* v. *Copeland,* 201 Ill. 540, a judgment was entered by default in the trial court against the defendant at an April term of court. Before the term expired a motion was filed to set the judgment aside and for a new

trial. The motion was not disposed of until the May term, when it was allowed, and the defendant filed a number of pleas. At a subsequent term the plaintiff in the case entered a motion to vacate the order made at the May term setting aside and vacating the judgment. The ground of the motion was that the trial court was without jurisdiction at the May term to vacate and set aside a judgment entered at the April term. This motion was overruled, and the plaintiff refusing to reply to the pleas or to form issues, a judgment was entered dismissing the suit at the plaintiff's cost. Plaintiff thereupon sued out a writ of error. This court affirmed the judgment, and held that by reason of the motion to vacate the judgment, made at the term at which it was rendered, though not disposed of until a subsequent term, the trial court retained jurisdiction and had full power at such subsequent term to vacate the judgment.

These cases are predicated upon the proposition that the motion, if made at the term at which the judgment is rendered, stays the judgment and prevents it becoming final until the motion is disposed of,—and this is the construction given in *Hearson* v. *Graudine, supra,* to what was then the 56th but is now the 77th section of our Practice act. That section provides: "If either party may wish to except to the verdict, or for other causes, to move for a new trial or in arrest of judgment, he shall, before final judgment be entered, or during the term it is entered, by himself or counsel, file the points in writing, particularly specifying the grounds of such motion, and final judgment shall thereupon be stayed until such motion can be heard by the court." The other cases relied on by plaintiff in error, however, do not refer to the statute and the rule announced in them appears not to be based upon it. These cases last reviewed being the later and more numerous, and some of them expressly overruling one of the cases relied upon by plaintiff in error, must be followed in

the decision of this case, and if they are, then it must be held that the judgment of the municipal court was stayed by the motion to vacate it, and did not become final, so as to start the running of the time limited for suing out a writ of error, until the motion was disposed of.

The *præcipe* upon which the writ of error was issued by the Appellate Court referred to the judgment as rendered on the 8th day of February, 1908, in favor of Ben T. Hosking against the Southern Pacific Company for $997.50, and it is contended that this did not properly identify the judgment against which the writ should run. The writ of error issued out of the Appellate Court is in proper form, commanding the clerk of the municipal court to transmit to the Appellate Court the record and proceedings in the rendition of the judgment recovered by Ben T. Hosking against the Southern Pacific Company in said municipal court, and in return to the writ the clerk of the municipal court transmitted to the Appellate Court a transcript of the record in the case sought to be reviewed. Under these circumstances we think the errors in the description of the judgment in the *præcipe* were immaterial and worked no prejudice to plaintiff in error.

Lastly, it is contended that the finding of facts made by the Appellate Court was insufficient. Said finding was as follows: "And the court further finds, as a matter of fact, that the evidence fails to show a delivery of the trunk and contents in question by Ben T. Hosking to the Southern Pacific Company." This is a finding that the trunk was never delivered to defendant in error and is a finding of the ultimate fact.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*