## Western Valve Company, Defendant in Error, v. Franklin Hardin et al., Plaintiffs in Error.

### Gen. No. 17,690.

1. MUNICIPAL COURT—*bill of exceptions.* Where judgment is entered on June 10 in the Municipal Court, and within thirty days a motion for new trial is entered and set for hearing which is disposed of August 9, a motion to strike from the record the bill of exceptions filed within thirty days from that date is properly denied.

2. MECHANICS' LIENS—*evidence to show that defendant owned property.* In a mechanic's lien action, where the evidence does not show that defendant is owner of the property in question or has any contract with the principal contractor, a judgment against defendant will be reversed.

Error to the Municipal Court of Chicago; the HON. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion originally filed June 24, 1913. Rehearing denied and opinion modified and refiled July 8, 1913.

WILLIAM A. ROGAN, for plaintiffs in error FRANKLIN, P. K. and ELLEN A. HARDIN.

EASTMAN & WHITE, for defendant in error; RALPH R. HAWXHURST, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

In this case a motion has been made to strike from the record what is called a bill of exceptions or stenographic report, because not filed within thirty days after the rendition of the judgment. Judgment was entered on June 14, 1911, and within thirty days from that time a motion to vacate the judgment and for a new trial was entered and set for hearing at a subsequent date. The motion was not disposed of until August 9, 1911, and the bill of exceptions or stenographic report was filed within thirty days after that date. On the authority of *Hosking v. Southern Pac. Co.,* 243 Ill. 320, the motion must be denied.

The amended statement of claim, filed March 2, 1911, recites that the plaintiff's claim is for a mechanic's lien upon certain described premises for goods, wares and merchandise sold by plaintiff to the defendants McLeod and Ledbetter, as copartners, who had a contract with P. K. Hardin and Franklin Hardin, defendants, owners of the described real estate; that the goods, wares and merchandise were delivered to the premises between July 29, 1910, and August 9, 1910. On the same date leave was granted to file an amended statement of claim, and an order made that all records, papers and proceedings in the cause be amended by making Ellen A. Hardin a defendant, and that a writ of summons issue to her; also for publication as to certain of the defendants. On the following day a second amended statement was filed, adding to the original statement an additional paragraph to the effect that at the time notice was served "upon the said owner of the above described premises" there was due to McLeod and Ledbetter from said owner a sufficient amount to cover the amount which the plaintiff claimed as a mechanic's lien; that this last allegation was made on information and belief; that if there was not a sufficient amount at the time of the service of the notice, due from the *owner* to the contractor, the *owner* was nevertheless liable for having failed to require the necessary statement and schedule from the contractor, as under the statute in such cases is made and provided. The statement further alleged that the defendant Ellen A. Hardin, at the time of the commencement of the suit, "held the legal record title to the premises, although the premises were not conveyed to her by Franklin Hardin until after the service of notice upon him by the plaintiff."

Affidavits of defense were filed by the three defendants who have prosecuted this writ of error, making the claim that no statement of claim was filed within four months after the time that the final payment

became due; denying joint liability with the other defendants, and averring that after August 2, 1910, Franklin Hardin and P. K. Hardin were not the owners of the property. The affidavit of the defendant Ellen A. Hardin alleged that she never contracted with McLeod and Ledbetter to furnish material, and that she did not "with her knowledge and consent permit the furnishing of any material to said premises."

An order was entered finding McLeod and Ledbetter in default in not complying with the order to file affidavit of merits or defense. Further proceedings were had which resulted in a finding by the court, that the plaintiff corporation was entitled to a mechanic's lien upon the premises in question, and a further finding that the plaintiff was entitled to recover from the defendants and each of them the sum of $268.85, whereupon judgment was entered accordingly.

Section 33 of chapter 82, R. S., provides:

"Petition shall be filed or suit commenced to enforce the lien created by sections twenty-one (21) and twenty-two (22) of this act within four months after the time that the final payment is due the sub-contractor, laborer or party furnishing material."

The claim of the plaintiffs in error appears to be borne out in the record that the suit was not brought against Ellen A. Hardin until more than five months after payment was alleged to have become due to the plaintiff; that there is no showing that any notice was ever served upon Ellen A. Hardin or P. K. Hardin on behalf of the plaintiff; that the only notice in the record is one addressed to Franklin Hardin, and that as to him the theory of ownership in him was abandoned in the final amended statement of claim.

In section 28 of the act it is provided that in actions at law provided for by the act, as in suits to enforce the lien, the owner shall be liable to the plaintiff for no more than the *pro rata* share that such person would be entitled to with other sub-contractors out of the

funds due to the contractor from the owner under the contract between them, except as theretofore provided in the act for laborers, and that such actions at law shall be maintained against the owner only in case the plaintiff establishes his right to the lien. The section further provides that judgments, where the lien is established, shall be against the contractor and owner jointly but shall be enforced against the owner only to the extent that he is liable under his contract, as provided by the act, and shall recite the date from which the lien thereof attached, according to the provisions of sections 1 to 20 of the act, but that this should not preclude a judgment against the contractor personally where the lien is defeated.

It is clear from the record that Ellen A. Hardin had no contract, as owner or otherwise, with the principal contractor. The plaintiffs in error insist that no proof was offered as to the ownership by any of them of the property in question. The record shows that the defendant in error claimed that at the time the statutory notice was served Franklin Hardin was the owner of the premises, and that notice was therefore served upon him.

Whatever may have been the rights of the parties in the matter of enforcing a lien for the amount of their claim as material men against the property in question, we find nothing in the record which, under the provisions of the statute heretofore referred to or any other provision to which reference has been made in the briefs, warranted the entering of a judgment at law against Ellen A. Hardin. No attempt was made to show, so far as we are able to discover, who was the actual owner of the property at any particular time.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*