H. & A. Israelstam, Appellees, *vs.* The United States Casualty Company, Appellant.

*Opinion filed February 16, 1916.*

1. Courts—*section 34 of article 4 of constitution is not the authority for creation of municipal court.* The legislative authority for the creation of the municipal court of Chicago is found in the same provision of the constitution which authorizes the creation of city courts and is not based on section 34 of article 4 of the constitution, which merely authorized the legislature, if it created such court, to prescribe its jurisdiction and practice.

2. Practice—*Appellate Court has jurisdiction of appeal from municipal court in fourth-class case.* While the jurisdiction of city courts and of the municipal court of Chicago is not the same in all cases, yet both have jurisdiction of the class of cases denominated fourth-class cases in the Municipal Court act, and under the Practice act and section 8 of the Appellate Court act the Appellate Court has jurisdiction to entertain an appeal from a judgment of the municipal court of Chicago in a fourth-class case.

3. Constitutional law—*provision of Municipal Court act restricting right of review of fourth-class case to writ of error is invalid.* The provision of section 23 of the Municipal Court act which provides that judgments in fourth-class cases can be reviewed by the Appellate Court on writ of error, only, is invalid.

Appeal from the Branch "D" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. Edmund K. Jarecki, Judge, presiding.

Moses, Rosenthal & Kennedy, (Walter Bachrach, of counsel,) for appellant.

John L. Fogle, and Rose & Symmes, for appellees.

Mr. Chief Justice Farmer delivered the opinion of the court:

A judgment of the municipal court of Chicago was entered July 10, 1914, in favor of appellees, H. & A. Israelstam, against appellant, the United States Casualty Com-

272 – 11

pany, for $839.16 and costs, in an action by the appellees against appellant on a policy of burglary insurance. An appeal from such judgment was taken to the Appellate Court for the First District, where, on motion, the appeal was dismissed. A certificate of importance was granted and this appeal is perfected, bringing to this court for review the action of the Appellate Court in dismissing the appeal from the municipal court.

The action in the municipal court was a fourth-class case in contract, and the only question for review is, does an appeal lie to the Appellate Court to review a judgment entered by the municipal court of Chicago in a fourth-class case? Appellant contends the right to such appeal exists apart from the provisions of the Municipal Court act, and that section 23 of such act, in so far as it seeks to deny such right of appeal, violates section 29 of article 6 of the constitution, commonly referred to as the uniformity clause.

Section 23 of the Municipal Court act provides that cases of the fourth class shall be reviewed by writ of error, only. It is conceded the right of appeal is purely statutory and only exists where conferred by legislative enactment; also that there is no statute which by express terms purports to give the right of appeal to Appellate Courts from judgments of the municipal court in fourth-class cases; but appellant contends the provisions of the Appellate Court act and the Practice act giving the right of appeal in a certain class of cases from "city courts" to the Appellate Courts includes the right of appeal in the same class of cases from the municipal court to the Appellate Courts. This position is based upon appellant's contention that the municipal court is a city court, within the meaning of the Appellate Court and Practice acts now in force.

Prior to the establishment of Appellate Courts, in 1877, the Supreme Court had jurisdiction of appeals from judgments, orders and decrees of inferior courts, including city courts. Under authority of section 11 of article 6 of the

constitution the legislature in 1877 passed the act creating Appellate Courts. The jurisdiction of those courts is appellate, only. Section 8 of the Appellate Court act is as follows: "The said Appellate Courts created by this act shall exercise appellate jurisdiction only, and have jurisdiction of all matters of appeal, or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the superior court of Cook county, or county courts, or from the city courts in any suit or proceeding at law, or in chancery other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute. Appeals and writs of error shall lie from the final orders, judgments or decrees of the circuit and city courts, and from the superior court of Cook county directly to the Supreme Court, in all criminal cases and in cases involving a franchise or freehold or the validity of a statute." It will be seen it gives the Appellate Courts jurisdiction of appeals from and writs of error to city courts. At the same session of the legislature section 67 of the Practice act of 1872 was amended so as to provide for appeals from and writs of error to city courts except as provided in section 88 of the Practice act. That section specified the class of cases in which appeals from and writs of error to the inferior courts should go direct to the Supreme Court, one of the classes being all criminal cases. It will be observed that by section 8 of the Appellate Court act criminal cases are included in the class of cases to be taken from the inferior court direct to the Supreme Court upon appeal or writ of error. *Ingraham* v. *People,* 94 Ill. 428, was an appeal direct to the Supreme Court in a criminal case, and it was there held that previous to the passage of the Appellate Court act the only mode of review in criminal cases was by writ of error, and that neither section 8 of the Appellate Court act nor section 88 of the Practice act was intended to provide for or give a new right of appeal in cases in which an appeal had not

before been given. Appeals had before been given in cases at law from judgments of inferior courts, including city courts, and the Appellate Court act was merely intended to provide what appeals should go to the Appellate Courts and what to the Supreme Court. It was correctly held that appeals never having been provided for in criminal cases, it was not the purpose of the act to create the right of appeal in such cases. At the time the Appellate Court act was passed and the Practice act amended, in 1877, the municipal court in Chicago had not been established, hence that court is not expressly mentioned in those acts.

Appellees insist that the municipal court of the city of Chicago is not of the same class or grade as city courts, and is so essentially different from them that it cannot be considered within the provision for appeals from city courts to the Appellate Courts. It is true that the jurisdiction of courts established under what is called the City Court act and the municipal court is not the same as to the class of cases, but their territorial jurisdiction is the same. Both courts are created under and by virtue of the authority of the same constitutional provision. The amendment to the constitution (art. 4, sec. 34,) is not the source of the legislative power exercised in creating the municipal court. It simply gave the legislature authority, if it created such courts, to prescribe their jurisdiction and the practice therein. (*Miller* v. *People*, 230 Ill. 65; *People* v. *Cosmopolitan Fire Ins. Co.* 246 id. 442.) In the case last cited it was said, to enable the municipal court to serve the purpose of its creation and to enable it to exist at all "it must be regarded as a city court within the terms of the Appellate Court and Practice acts." In the *Miller case* it was said: "There is no substantial or material difference between the terms 'city court' and 'municipal court,' both of which are courts of the municipality in which they are established, and the constitution of 1848, as well as the present constitution, provided for the establishment of such courts. * * *

In these cases [previous decisions of this court] the courts were called courts of common pleas, city courts or a recorder's court, but they were all municipal courts under various names and were the same kind of courts as the municipal court of Chicago." The statement in the *Miller case* that the municipal court of the city of Chicago is in all essential respects a city court was approved in *Hosking* v. *Southern Pacific Co.* 243 Ill. 320. While the jurisdiction of courts established under the City Court act and the municipal court of Chicago is not the same in all cases, both of said courts have jurisdiction in cases defined as of the fourth class in the Municipal Court act, and in our opinion section 8 of the Appellate Court act and the Practice act confer jurisdiction upon the Appellate Court to entertain appeals from judgments of the municipal court in such cases.

It remains to be determined whether the provision of section 23 of the Municipal Court act, that its judgments in such cases can be reviewed by the Appellate Court by writ of error, only, is valid and deprives the Appellate Court of its jurisdiction conferred by other legislative acts. We are of opinion that under the previous decisions of this court the provision of section 23 of the Municipal Court act referred to must be held invalid. *Clowry* v. *Holmes,* 238 Ill. 577; *People* v. *Hibernian Banking Ass'n,* 245 id. 522; *People* v. *Cosmopolitan Fire Ins. Co. supra; Hoffman* v. *Paradis,* 259 Ill. 111; *Hosking* v. *Southern Pacific Co. supra.*

The judgment of the Appellate Court is therefore reversed and the cause remanded to that court for further consideration by it.          *Reversed and remanded.*