ISAAC FLEISCHMAN

*v.*

SAMUEL J. WALKER *et al.*

1. APPELLATE JURISDICTION *of the Supreme Court—Practice act of 1877—of its constitutionality as respects the subject of the act and its title.* The Practice act, as amended in 1877, has the following title: "An act to amend an act entitled 'an act in regard to practice in courts of record.'" It is held, that sections 67 and 88 of the act, in assuming to increase the jurisdiction of the Appellate courts and restrict the jurisdiction of this court, are not in violation of section 13 of article 4 of the constitution, which provides that "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title."

2. SAME—*and herein, what is comprehended in the word "practice."* The mode and order of procedure in obtaining compensation for an injury by action or suit in the courts, from the inception of such suit until it ends in the final determination of the court of last resort, are all comprehended in the term "practice." The relative jurisdiction of the several courts, the modes by which, and the extent to which controversies may be transferred for trial or review from one tribunal to another, and, when several transfers are allowed, the order of sequence in such transfers, are all included in what is called the practice of the courts. So the sections of the statute mentioned appertain to the course of practice in the courts of record, and are germane to the subject expressed in the title.

3. SAME—*of the right as provided by the constitution.* The constitution, by section 2 of article 6, confers upon the Supreme Court original jurisdiction in certain cases, "and appellate jurisdiction in all other cases," but this does not give the option to a party as to whether he will go to the Appellate court in

any case. It may well be, under section 11 of the same article, that this appellate jurisdiction "in all other cases," shall be acquired through the intermediate appellate courts therein provided.

4.   Moreover, construing these sections 2 and 11 together, as should be done, the constitution does not give the right of appeal to this court in all cases, either direct from the trial court or through the intermediate courts.

5.   SAME—*in suits in chancery.*   Since the first day of July, 1877, this court has no jurisdiction of an appeal from a decree in a chancery suit directly from the circuit court, when such appeal has been allowed and perfected after that date.

6.   APPELLATE COURTS—*extent of their jurisdiction.*   There is no constitutional restriction as to what jurisdiction the Appellate courts should have, except that such courts must be of uniform organization and jurisdiction, and that their determination shall not be final in certain cases.

7.   JURISDICTION—*can not be conferred by consent.*   The power to hear and determine a cause is jurisdiction, and consent of parties can not confer jurisdiction upon a court in which the law has not vested it.   Consent can not give this court jurisdiction of an appeal in a chancery case directly from the circuit court.

APPEAL from the Circuit Court of Cook county.

This was a motion made by the appellees to dismiss the appeal.

Mr. A. M. PENCE, for the appellant.

Mr. JOHN L. THOMPSON, for the appellees.

Mr. JUSTICE BAKER delivered the opinion of the Court:

The motion in this case to dismiss the appeal raises the same question considered by the court in the opinion filed at this term in *Young* v. *Stearns, ante,* p. 221.   We are urged to reconsider the decision announced in that case; and, impelled by a consideration of the importance of the question involved to the profession and to litigants, rather than by any perceived difficulty in its solution, we will, without repeating the argument upon which that decision is based, refer to the additional points suggested by appellant in his brief filed in opposition to this motion.

The point is made, that sections 67 and 88 of the Practice act, in so far as they assume to increase the jurisdiction of the Appellate courts and restrict the jurisdiction of this court, are in violation of section 13 of article 4 of the constitution, which provides, that "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title."

The title of the act in question is, " An act to amend an act entitled ' an act in regard to practice in courts of record.' "

The several courts of record in this State are either recognized or created by, or are authorized to be created by the constitution. The jurisdiction of some of these courts is fixed by the constitution itself, while the jurisdiction of others is left, under certain restrictions, to be determined by the General Assembly. Of this latter class are the Appellate courts, and it depended altogether upon the legislative will whether such courts should be created or not, and what appellate jurisdiction they should have if created; and this legislative will was restricted only in these respects: that such courts should be of uniform organization and jurisdiction, and that their determinations should not be final in certain specified cases. The Appellate Court act created such appellate courts, provided for their organization, and gave them a certain and uniform jurisdiction.

By sections 67 and 88 of the Practice act this jurisdiction was increased, and we see no valid reason why this could not be so done. The mode and order of procedure in obtaining compensation for an injury by action or suit in the legally established courts, from the inception of such suit until it ends in the final determination of the court of last resort, is all comprehended in the term "practice." The relative jurisdictions of the several courts; the modes by which and the extent to which controversies may be transferred, for trial or for review, from one tribunal to another; and, where several transfers are allowed, the order of sequence in such transfers, are all included in what is called the practice of the courts. The word practice is so understood and treated by the text

writers, and it is defined by Bouvier to be "the form, manner and order of conducting and carrying on suits or prosecutions in the courts through their various stages, according to the principles of law, and the rules laid down by the respective courts." Said sections legitimately appertain to the course of practice in the courts of record, and are germane to the subject expressed in the title. It was held in *Murphy* v. *Menard*, 11 Texas, 673, under a similar constitutional requirement, that an act "to regulate proceedings in the county court," properly embraced a provision giving an appeal to the District Court, and regulating the proceedings therein on the appeal. See, also, *Robinson* v. *Skipworth*, 23 Ind. 311.

. The objection here made would apply with equal or greater force to the matter of the jurisdiction of circuit courts in appeals from justices of the peace. Section 12 of article 6 of the constitution provides, that circuit courts shall have such appellate jurisdiction as is or may be provided by law, and the several Circuit Court acts will be searched in vain for any provision giving them any jurisdiction in the matter of such appeals. The only authority for such appeals, the only jurisdiction in that regard (except in the cases of some special statutory proceedings) will be found in chapter 79, Revised Statutes, and the title to that act in no way purports to confer jurisdiction on the circuit court, unless it be held to be embraced and expressed in the word "practice" contained in such title. And yet, it will hardly be seriously questioned that circuit courts have such appellate jurisdiction.

Again, it is urged that appellees, having appeared and submitted the case and consented that it might be taken on call, have assented to the jurisdiction and can not now interpose a motion to dismiss for want of jurisdiction. The power to hear and determine a cause is jurisdiction; and consent of parties can not confer jurisdiction upon a court in which the law has not vested it. *Ginn* v. *Rogers*, 4 Gilm. 131; *Peak* v. *The People*, 71 Ill. 278. And, as we have seen in *Young* v. *Stearns*, *supra*, the law has not, in chancery suits, vested this court

21—91 ILL.

322 FLEISCHMAN *v.* WALKER *et al.* [Sept. T.

Opinion of the Court.

with power to hear and determine appeals from or writs of error to the circuit courts.

It is also urged, that, by section 2 of article 6 of the constitution, the Supreme Court is vested with original jurisdiction in certain cases, " and appellate jurisdiction in all other cases," and that it is, therefore, a matter of option with the appellant whether he will go to the Appellate court in any case. But the constitution nowhere provides that this appellate jurisdiction " in all other cases" shall be direct from the circuit or other trial court; it may well be, under section 11 of the same article, through the intermediate appellate courts therein provided for. Moreover, these two sections, 2 and 11 of article 6, should be construed together, and when so construed it is plain that appellants in all cases do not have a constitutional right, either direct or through the intermediate courts, of appeal to this court. To hold that they do would be to attach no meaning whatever to much that is contained in said section 11. Potter's Dwarris' Stat. 144; 1 Kent's Com. 462.

It is a sufficient answer to the remaining point made by appellant to say, that the decree was rendered on the 6th day of July, 1877; that the order allowing the appeal was entered thereafter; that the attempted appeal was perfected after that date ; that the order allowing the appeal is no part of the decree itself, and that at the date of such order and at the time such order was complied with there was no law in existence allowing such appeal. The Legislature has the right and power, except wherein such right and power may be circumscribed by the constitution, to prescribe the procedure of and practice in our courts, and change the same whenever, in its opinion, the promotion of justice so requires.

We adhere to our conclusions heretofore announced in *Young* v. *Stearns, supra,* and further examination has but confirmed us in our views therein set forth.

The motion in this case is sustained and the appeal is dismissed for want of jurisdiction.

*Appeal dismissed.*