## Franklin Benjamin v. Chicago, Indianapolis & Louisville Railway Company.

### Gen. No. 13,802.

1. APPEALS AND ERRORS—*what not final judgment.* A judgment for costs against the plaintiff is not final and appealable if unaccompanied by a finding on the issues for the defendant or an order that the suit be dismissed.

2. MUNICIPAL COURT—*within what time writ of error must be sued out.* To review a judgment of the Municipal Court a writ of error must be sued out within thirty days after the entry of such judgment.

Action on the case. Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court, at the October term, 1907. Dismissed. Opinion filed March 20, 1908.

M. L. THACKABERRY, for plaintiff in error.

L. L. SMITH, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

March 16, 1907, in an action of the fourth class in the Municipal Court, the plaintiff had judgment for $100 and costs. March 26, 1907, the following order was entered in the cause:

"This day again come the parties, and thereupon defendant moved the court to vacate and set aside the judgment heretofore rendered herein on the 16th day of March, A. D. 1907, and the court being fully advised in the premises doth sustain said motion, and it is ordered, that the judgment heretofore rendered herein be and the same is hereby vacated and wholly set aside.

It is therefore considered by the court that the defendant have and recover of the plaintiff its costs and charges by it herein expended, taxed, at———dollars, and that it have execution therefor."

June 24, 1907, the plaintiff filed the transcript of the record in this court and sued out a writ of error to the Municipal Court.

The writ of error must be dismissed for two reasons: First, Because the judgment is not a final judgment, and second, because the writ of error was not sued out until more than thirty days after the entry of the judgment.

For the judgment we must look alone to the judgment order or entry of judgment in the record proper, and such order cannot be aided or supplemented by any statement in a bill of exceptions or statement signed by the trial judge, which under the Municipal Court Act takes the place of a bill of exceptions. The judgment

order in this case shows that the court, without a finding of the issues for the defendant, or order that the suit be dismissed, entered a judgment for costs against the plaintiff. Such a judgment is not final. People ex rel. v. Severson, 113 Ill. App. 496; Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill. 200.

Section twenty-three of the Municipal Court Act provides that final judgments of that court, in actions of the fourth class, shall be reviewed by this court by writ of error only, and "that the time within which a writ of error may be sued out shall be limited to thirty days after the entry of the final order or judgment complained of."

"A writ of error is a writ of right by the common law and lies in all cases, civil and criminal, except capital but can of course be regulated by statute." Unknown Heirs of Langworthy v. Baker, 23 Ill. 430; Peak v. The People, 76 *id.* 289.

The judgment complained of in this case was entered March 26, and the writ of error was sued out June 24, and for that reason we are without jurisdiction to hear or determine the errors assigned. Schindler v. Edwards et al., 134 Ill. App. 637.

The writ of error will be dismissed at the costs of the plaintiff in error.

*Writ of error dismissed.*