ANNIE L. CLOWRY *et al.* Defendants in Error, *vs.* JAMES HOLMES *et al.* Plaintiffs in Error.

*Opinion filed February 19, 1909.*

1. APPEALS AND ERRORS—*when constitutional question may be first raised in Supreme Court.* The rules precluding the raising of a constitutional question in the Supreme Court where it was not raised in the trial court or where the case was taken to the Appellate Court have no application where the constitutional question did not arise until after the case reached the Appellate Court.

2. CONSTITUTIONAL LAW—*paragraph 3 of section 23 of Municipal Court act is invalid.* Paragraph 3 of section 23 of the Municipal Court act, (Laws of 1907, p: 237,) providing that a denial of a *supersedeas* by a justice of the Appellate Court shall be an affirmance of the judgment below unless otherwise ordered, must be regarded as regulating the practice in the Appellate Court and not in the municipal court, and is in violation of section 29 of article 6 of the constitution, requiring laws governing the practice in the Appellate Court to be uniform.

3. SAME—*when law does not have uniform operation.* The suing out of a writ of error from the Appellate Court is a new suit, regardless of the question where the original suit was begun, and hence a law making a rule for the disposition of a writ of error to the municipal court different from the rule where the writ of error is to the circuit, superior or county court, does not have the uniform operation required of laws governing the practice in the Appellate Court.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding.

238—37

This was an action for damages, commenced on March 4, 1908, in the municipal court of Chicago, by defendants in error, against plaintiffs in error, under the provisions of section 9 of the Dram-shop act. (Hurd's Stat. 1908, p. 890.) A trial resulted in a verdict and judgment in favor of defendants in error, and plaintiffs in error, on July 7, 1908, sued out a writ of error from the Appellate Court for the First District to review said judgment, and a transcript of the record of the judgment of the municipal court was filed in the office of the clerk of said Appellate Court on August 11, 1908, and on September 3, 1908, the plaintiffs in error presented the record to Hon. E. O. Brown, one of the judges of said Appellate Court, and moved said judge that the writ of error be made a *supersedeas,* which motion was denied. Thereupon, by virtue of paragraph 3 of section 23 of the Municipal Court act, (Hurd's Stat. 1908, p. 674,) which reads as follows: "If, upon application to the Supreme Court or Appellate Court, or to any judge thereof, for a *supersedeas* the same shall be denied, such order or judgment shall stand affirmed, and no further proceedings shall be had in said Supreme Court or Appellate Court with respect thereto, unless the Supreme Court or Appellate Court, or the judge denying such *supersedeas,* shall otherwise order," and the Appellate Court, or the judge denying said *supersedeas,* having failed to otherwise order, the judgment of the municipal court, by virtue of the statute, stood affirmed, and the plaintiffs in error have sued out this writ of error to review said judgment.

WILLIAM J. LACEY, and THOMAS J. YOUNG, for plaintiffs in error.

FRANCIS A. McDONNELL, and MORTON A. MERGENTHEIM, for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

The sole question presented for decision upon this record is the constitutionality of the paragraph of the Municipal Court act hereinbefore set out. The municipal court was created and the Municipal Court act was passed by virtue of the powers conferred upon the legislature by section 34 of article 4 of the constitution, which section became effective December 5, 1904. (Hurd's Stat. 1908, p. 60.) That section of the constitution provides that the legislature shall have power, subject to the conditions and limitations therein contained, to pass any law, local, special or general, for the establishment of local municipal government in the city of Chicago, which is held to include the establishment of and the regulation of the practice in the municipal court of Chicago. (*City of Chicago* v. *Reeves,* 220 Ill. 274.) If, therefore, the provisions of the statute in question were enacted for the regulation of the practice in the municipal court of Chicago, said paragraph is doubtless authorized by said constitutional provision. If, however, said paragraph is a provision for the regulation of the practice in the Appellate Court it is not authorized by said constitutional provision, as said constitutional provision does not authorize the legislature to pass special laws to regulate and govern the practice in the Appellate Court, as the creation of the Appellate Court is authorized by section 11 of article 6 of the constitution, and the practice in that court, when created, is governed by provisions of the constitution other than section 34 of article 4, one of which provisions is section 29 of article 6 of the constitution, (Hurd's Stat. 1908, p. 67,) which reads, in part, as follows: "All laws relating to courts shall be general, and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts, of the same class or grade, so far as regulated by law, and the force

and effect of the process, judgments and decrees of such courts, severally, shall be uniform."

The suing out of a writ of error is the commencement of a new suit. (*Ripley* v. *Morris,* 2 Gilm. 381; *Roberts* v. *Fahs,* 32 Ill. 474; *International Bank of Chicago* v. *Jenkins,* 104 id. 143; *Same* v. *Same,* 107 id. 291; *Singer & Talcott Stone Co.* v. *Hutchinson,* 176 id. 48.) Therefore this case, when it reached the Appellate Court upon writ of error, was a new suit, and stood in that court in the same condition as though it had formerly been commenced in the county, circuit or superior court and as though the writ of error had issued from the Appellate Court to one of those courts, and the rules for its disposition in the Appellate Court must, under the constitution, be of the same character as though the case had originally been commenced in one of said courts and not the municipal court of Chicago,— that is, under section 29 of article 6 all laws relating to the Appellate Court of this State or governing the practice in said court must be general and of uniform operation. To have a different practice in the Appellate Court in cases brought to that court from the municipal court of Chicago by writ of error, from that governing the practice in cases brought to that court for review from the other courts of record in this State by writ of error, would destroy the uniformity in the proceedings and practice in that court required by the constitution. We therefore find no warrant in the constitution for the enactment of the legislation which apparently authorizes the affirmance of a judgment of the municipal court of Chicago in the Appellate Court without a hearing upon the merits in the Appellate Court, by the action of that court, or of one of the judges thereof, in refusing a *supersedeas.*

Neither is there anything in the contention that plaintiffs in error are raising a constitutional question in this court for the first time. The constitutional question here involved could not have been raised in the municipal court

or in the Appellate Court as there was at that time no constitutional question to be raised, and we think, for that reason, the question may be raised in this court at this time. The rule requiring a party to bring forward all his contentions at the first opportunity and not raise contentions in an appellate tribunal which the inferior court had no opportunity to pass upon is a wise one, but should not be applied in a case where the question sought to be raised in the appellate tribunal did not exist or could not have been raised and passed upon in the inferior court.

Neither is there anything, in our judgment, in the contention that the case came through the Appellate Court, which court had no power to pass upon a constitutional question, as the constitutional question here involved did not arise until after the case reached the Appellate Court. In *Jones* v. *Chicago, Rock Island and Pacific Railway Co.* 231 Ill. 302, *Hecker* v. *Illinois Central Railroad Co.* id. 574, and *Hayward* v. *Sencenbaugh,* 235 id. 580, the constitutionality of the statutes there involved were raised in this court for the first time, and all of those cases came to this court through the Appellate Court. The constitutional questions there disposed of were permitted to be raised for the first time in this court because they did not exist until after the cases reached the Appellate Court.

The case was properly pending in the Appellate Court for decision upon the merits, and while that court rendered no formal judgment of affirmance, the statute, upon the refusal of the *supersedeas,* worked an affirmance of the judgment, and was, in effect, therefore, an affirmance of the judgment of the municipal court by the Appellate Court. The judgment of affirmance in the Appellate Court brought about by said invalid statute will therefore be reversed and the cause will be remanded to the Appellate Court, with directions to that court to hear and dispose of the case upon its merits.

*Reversed and remanded, with directions.*