# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

ANNA A. DAVID, Appellee, *vs.* THE COMMERCIAL MUTUAL ACCIDENT COMPANY, Appellant.

*Opinion filed December 22, 1909.*

1. COURTS—*power of legislature to provide a special procedure for the municipal court is limited to that court.* The power of the legislature, under the constitutional amendment of 1904, to provide a special procedure for the municipal court of Chicago does not extend to the practice and procedure in other courts.

2. SAME—*jurisdiction of trial court ceases when appeal bond is filed.* When an appeal bond is filed the jurisdiction of the trial court ceases and that of the appellate tribunal attaches, and all subsequent proceedings are procedure in the appellate tribunal.

3. SAME—*time for filing records is within control of appellate tribunal in the absence of statute.* The time within which records shall be filed in an appellate tribunal is within the control of such tribunal, and in the absence of any statute will be controlled by its rules and not by the orders and rules of the trial court.

4. CONSTITUTIONAL LAW—*provision of Municipal Court act as to time for filing records in Appellate Court is void.* Section 22 of the Municipal Court act, in so far as it purports to fix the time within which records shall be filed in the Appellate Court, is unconstitutional, as an attempted regulation of the practice in the Appellate Court, which, in that respect, is controlled by section 100 of the present Practice act.

CARTWRIGHT, HAND and CARTER, JJ., dissenting.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding.

GEORGE H. MASON, and VINCENT D. WYMAN, for appellant.

LOESCH, SCOFIELD & LOESCH, and CASSODAY & BUTLER, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from an order entered by the Appellate Court for the First District dismissing the appeal of the Commercial Mutual Accident Company from a judgment of the municipal court of Chicago.

On March 6, 1909, Anna A. David recovered a judgment in the municipal court against the Commercial Mutual Accident Company for $5365.88. On the day the judgment was entered the defendant prayed for and was allowed an appeal to the Appellate Court upon filing an appeal bond in the sum of $7000 within sixty days, and sixty days was allowed in which to file a bill of exceptions. On May 1, 1909, the defendant obtained an extension of thirty days for the filing of this bill of exceptions and the time for filing the bond was extended five days. The appeal was perfected by filing the bond within the time provided for by the extension. On May 17, 1909, Anna A. David filed a short record in the Appellate Court and moved the court to dismiss the appeal because appellant had not filed a transcript of the record in the Appellate Court within forty days after the judgment appealed from had been entered. On June 10, 1909, the Appellate Court sustained the motion to dismiss and entered a judgment in favor of plaintiff below for her costs. It is from this order and judgment that this appeal has been prosecuted.

The Appellate Court did not consider the case on its merits and no opinion was filed by that court. The only question presented on this appeal is whether the Appellate Court erred in dismissing the appeal.

Section 22 of the Municipal Court act, as amended by the act of June 3, 1907, and adopted at an election held September 17, 1907, provides, among other things, as follows: "Authenticated copies of records of judgments, orders and decrees appealed from shall be filed in the office of the clerk of the Supreme Court, or of the Appellate Court, as the case may be, within forty days after the date of the order, judgment or decree appealed from, unless the municipal court, by an order entered within said forty days, shall have granted further time for the filing of the same."

Section 100 of the new Practice act, as amended January 25, 1908, provides, in part, as follows: "Authenticated copies of records of judgments, orders and decrees appealed from any court to the Appellate Courts shall be filed in the office of the clerk of the Appellate Court on or before the second day of the succeeding term of said court: *Provided,* twenty (20) days shall have intervened between the last day of the term at which the judgment, order or decree appealed from shall have been entered and the sitting of the court to which the appeal shall be taken; but if ten (10) days and not twenty (20) shall have intervened as aforesaid, then the record shall be filed as aforesaid, on or before the tenth (10th) day of said succeeding term, otherwise the said appeal shall be dismissed. Further time to file such copies of record may be granted by said court in term time or by any justice thereof in vacation upon good cause shown, provided application therefor shall be made before the expiration of the time herein fixed for filing such copies of record."

It is apparent that the Appellate Court was of the opinion that section 22 of the Municipal Court act controlled

the time within which the record must be filed in the Appellate Court, and since there is no pretense that the record was filed within forty days after the judgment was entered in the municipal court, if the Municipal Court act is to govern then the appeal was properly dismissed.

There is an inconsistency between the section above quoted from the Municipal Court act and section 100 of the new Practice act in regard to the time when records are to be filed in the Appellate Court. The rule is familiar that where two statutes are so repugnant that they cannot be reconciled and both given effect, the later statute will operate as a repeal of the earlier statute. (*Board of Water Comrs.* v. *People,* 137 Ill. 660.) Under this rule it might well be held that section 100 of the Practice act repeals section 22 of the Municipal Court act in so far as the two acts are inconsistent. But in our opinion it is not necessary to invoke this rule in this case. Section 29 of article 6 of the constitution of 1870 provides that "all laws relating to courts shall be general, and of uniform operation; and the organization, jurisdiction, powers, proceedings and practice of all courts, of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts severally, shall be uniform."

Section 22 of the Municipal Court act is a special act, passed by virtue of the powers conferred upon the legislature by an amendment to our constitution which became effective December 5, 1904. By that amendment to the constitution the legislature is given power "to pass any law, local, special or general, for the establishment of local municipal government in the city of Chicago," which has been held to include the power to establish a municipal court and regulate the practice thereof. (*City of Chicago* v. *Reeves,* 220 Ill. 274.) But this amendment does not authorize the legislature to pass any law regulating the pro-

cedure and practice in other courts provided for by the
constitution. If the section of the Municipal Court act
now under consideration is held to apply to the time of
filing the records in the Appellate Court, it is clear that it
would establish a rule applicable to cases appealed from the
municipal court different from that which prevails under
the Practice act in reference to appeals to the same court
from the circuit, superior and county courts, and thus ap-
plied the provision of the constitution providing for uni-
formity of procedure in courts of the same class or grade
would be violated.

The appellee contends that section 22 of the Municipal
Court act cannot be held to be a regulation of the proced-
ure in the Appellate Court; that it is merely a provision
as to the manner of appealing to the Appellate Court. To
this we cannot assent. When the appeal bond was filed
the jurisdiction of the Appellate Court attached and that
of the trial court ceased. All subsequent proceedings must
be regarded as a part of the procedure in the Appellate
Court. The time within which records shall be filed in a
tribunal is within the control of that court, and in the ab-
sence of a statute would be controlled by its rules and not
by the orders or rules of the trial court.

In the late case of *Clowry* v. *Holmes,* 238 Ill. 577, we
had occasion to consider the validity of paragraph 3 of
section 23 of the Municipal Court act, which provides that
if upon application to the Supreme or Appellate Court, or
to any judge thereof, for a *supersedeas,* the same shall be
denied, the judgment shall stand affirmed, and no further
proceedings shall be had in the Supreme or Appellate Court
unless the court or judge denying the *supersedeas* shall
otherwise order, and this section of the Municipal Court
act was held void because in contravention of section 29 of
article 6 of our constitution. The reasoning in that case
is applicable to the situation presented here. We are un-

able to see how the two cases can be distinguished on principle.

We are of the opinion that section 22 of the Municipal Court act, in so far as it purports to prescribe the time within which records shall be filed in the Appellate Court, is unconstitutional and void. It follows that the Appellate Court erred in dismissing this appeal.

The judgment is therefore reversed and the cause remanded to the Appellate Court, with directions to hear and dispose of the case upon its merits.

*Reversed and remanded, with directions.*

CARTWRIGHT, HAND and CARTER, JJ., dissenting:

We are of the opinion that section 22 of the Municipal Court act, in so far as it provides that authenticated copies of the record of judgments, orders and decrees appealed from shall be filed in the office of the clerk of the Appellate Court or of the Supreme Court, as the case may be, within forty days after the date of the judgment, order or decree appealed from, unless the time for filing the same has been extended, is not unconstitutional. The statute referred to is not an attempt to regulate the practice of the Appellate or Supreme Court, but is a regulation of the practice of the municipal court. (*Fleischman* v. *Walker,* 91 Ill. 318.) The Appellate or Supreme Court does not obtain jurisdiction of an appeal until a transcript of the record is filed in the office of the clerk of the Appellate or Supreme Court, and the act to regulate the practice of the municipal court properly embraces a provision providing for a review of the judgments, orders and decrees of that court by the Appellate and Supreme Court and the method of perfecting such appeal. (*Fleischman* v. *Walker, supra.*) The prosecution of an appeal is a continuation of the original suit, while the suing out of a writ of error is the commencing of a new suit. The case of *Clowry* v. *Holmes,* 238 Ill. 577, was a writ of error and was a new suit com-

menced in the Appellate Court, and that case is not an authority which sustains the position of the appellee. We think the Appellate Court properly dismissed the appeal.