134     APPELLATE COURTS OF ILLINOIS.

Novelty Tufting Mach. Co. v. Peters & Roberts Co., 170 Ill. App. 134.

The Novelty Tufting Machine Company, Plaintiff, v. Peters & Roberts Furniture Company, Defendant, for use of Chicago, Burlington & Quincy Railroad Company, Garnishee, Plaintiff in Error.

Gen. No. 15,888.

1. CONSTITUTIONAL LAW—*when transfer of appeal unauthorized.* If a constitutional question arises in the appellate court after a writ of error has been sued out, the appellate court is not authorized to transfer the appeal to the supreme court.

2. MUNICIPAL COURT—*within what time writs of error must be sued out.* Writs of error to review judgments of the municipal court rendered in 4th class cases, must be sued out within 30 days after the entry of such judgments.

Error to the Municipal Court of Chicago; the HON. EDWIN K. WALKER, Judge, presiding. Heard in this court at the March term, 1910. Dismissed. Opinion filed April 29, 1912.

J. A. CONNELL and HERBERT HAASE, for plaintiff in error.

HERMAN FRANK and HARRY J. LURIE, for defendant in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The judgment which this writ of error seeks to reverse was rendered by the Municipal Court of Chicago June 17, 1909. It is a case of the fourth class. The writ of error was sued out of this Court September 16, 1909, which was 92 days thereafter.

The Municipal Court Act (Sec. 23) provides that in cases of the fourth class, the final orders and judgments of the Municipal Court shall be reviewed by writ of error only, and that the time within which a writ of error may be sued out in any such case shall be

limited to thirty days after the entry of the final order or judgment complained of.

A motion to dismiss the writ of error for want of jurisdiction because it was not sued out within the time thus limited by law, seems to have been heretofore made and denied, but if the want of jurisdiction now appears evident to us, we must take notice of it.

Counsel for plaintiff in error concede in their argument that if the provision of the Municipal Court Act mentioned is valid, this Court is without jurisdiction of this writ of error.

This Court can only disregard an enactment standing on the Statute Book and purporting to be a law of the State when it plainly appears to be unconstitutional and beyond the power of the Legislature to pass. It is, moreover, to the Supreme Court of the State, and not to us, that the spirit of the laws relating to the duties and jurisdiction of the courts relegates constitutional questions.

The counsel for plaintiff in error concedes these propositions also, but vigorously contends that the Supreme Court has clearly expressed its opinion that this limitation on writs of error from this Court to review the judgments of the Municipal Court is unconstitutional, and that we should follow this decision. This may have been also the view of this Court as then constituted when the motion to dismiss was passed on; but complete consideration of the matter and of all the decisions of the Supreme Court on the Municipal Court Act does not make it clear to us that the Supreme Court has so decided. We note the sugestion of the plaintiff in error that if we do not consider the constitutional question clear, we should transfer the cause to the Supreme Court, on the theory that it was wrongfully taken to this Court, since it involves a constitutional question. This is plainly inadmissible. If the writ of error could be legally sued out of any court, it was properly sued out from this Court. The constitu-

136        APPELLATE COURTS OF ILLINOIS.

Novelty Tufting Mach. Co. v. Peters & Roberts Co., 170 Ill. App. 134.

tional question did not arise in the Municipal Court, but in the Appellate Court, after the writ of error was sued out. It would be very desirable to have the Supreme Court pass on the constitutional question involved, but the question can only come before that Court on an appeal from the order of this Court, allowed by us on a certificate of importance. Such an appeal can be granted on a certificate of importance from an order dismissing the writ of error. Thomas v. Lumber Co., 185 Ill. 374. If the Supreme Court in such a case affirm our judgment, it would end the litigation. If it should reverse it, it would undoubtedly remand the cause to us to decide on the merits.

Counsel for plaintiff in error rely on Clowry v. Holmes, 238 Ill. 577, and David v. Commercial Mutual Accident Co., 243 Ill. 43, as authority for their contention that the provision of the Municipal Court Act above mentioned is void as in conflict with the constitution.

The position taken by counsel, however, is based on an inference drawn from a supposed analogy. The precise point involved here was certainly not passed on or discussed in either of the cases relied on.

In City of Chicago v. Reeves, 220 Ill. 274, the Supreme Court while reserving its judgment on separate provisions of the Municipal Court Act, declared it in its main features a valid enactment.

In Clowry v. Holmes, *supra,* it was decided that the provision in the Municipal Court Act, that the denial of a supersedeas in certain cases should work an affirmance of the judgment, was unconstitutional, on the ground that it attempted to introduce diversity in the practice of the Appellate Court. It was a want of uniformity in the practice of the Appellate Court in writs of error properly pending there, and in which the Appellate Court had jurisdiction, which was adjudged in that case contrary to the constitution.

In David v. The Commercial Mutual Accident Com-

pany, *supra*, the Supreme Court held that the limitation of time within which transcripts of judgment *appealed* from might, in case of appeals, be filed in the Appellate Court, could not constitutionally be made different in *appeals* from the Municipal to the Appellate Court from that provided for in appeals from other courts. But this decision was placed expressly on the ground that when an appeal bond is filed, the *jurisdiction* of the Appellate Court attaches and that of the trial Court ceases. Therefore, the Court says, "All subsequent proceedings" (including the time of filing records) "must be regarded as a part of the procedure in the Appellate Court."

In Lassers v. The North German Steamship Company, 244 Ill. 570, the Supreme Court again declared that "the provisions of the Municipal Court Act so far as they purport to affect the practice of the Appellate Court or Supreme Court are invalid, being in violation of Section 29 of Article 6 of the Constitution, which provides that 'all laws relating to courts shall be general and of uniform operation, and the organization, *jurisdiction*, powers, proceedings and practice of all courts of the same class or grade, so far as regulated by law and the force, effect of the process, judgments and decrees of such courts severally shall be uniform,' " while "The provisions which affect only the record, jurisdiction, proceedings and practice of the Municipal Court are valid, since by virtue of Section 34 of Article 4 of the Constitution, Section 29 of Article 6 does not restrict the legislature in prescribing the jurisdiction and practice of such Municipal Court."

The cause did not involve the provision in question here, nor does the opinion touch more precisely than above indicated on the point in controversy—whether the limitation of time within which writs of error could be sued out of reviewing courts to reconsider its judgments was a constitutional enactment.

In The People v. Hibernian Bank Association, 245

Ill. 522, and in The People v. The Cosmopolitan In-
surance Company, 246 Ill. 442, the question directly
involved was on the validity of that part of Section 23
of the Municipal Court Act which requires writs of
error to review a judgment of the Municipal Court to
be sued out of the Appellate Court in all cases except
those in which a franchise, a freehold, the validity of a
statute or a construction of the Constitution is in-
volved. The subject-matter of each of these cases re-
lated to the Revenue, and the State was a party, and
except for the provision of the Municipal Court Act
mentioned, the writs of error must have been sued out
of the Supreme Court.

The Supreme Court held that Section 23 of the Mu-
nicipal Court Act, so far as it attempts to change the
jurisdiction of the two Courts in relation to the class
of subjects to be taken by writ of error to one or the
other of the reviewing Courts, is invalid and unconsti-
tutional, and the inference is obviously suggested that
the same position may be taken by the Court as to the
limitation of time put on writs of error from those
Courts by the same section. Language is indeed used
in each of the cases which might reasonably be held to
strengthen that inference. But the point was not di-
rectly involved, as, from all that appears and as there-
fore it may be assumed, the writ of error in each case
was sued out within the time limited by the Municipal
Court Act.

In Hosking v. Southern Pacific Company, 243 Ill.
320, decided after the Clowry case, before the Hiber-
nian Bank and the Cosmopolitan Co. cases, and at the
same time as the David case, before mentioned, the
time limit for writs of error was directly involved.
The exact question was whether "the writ was sued
out in apt time." The appellant maintained that it was
not, because the original money judgment had been en-
tered more than thirty days before the issuance of the
writ. The appellee contended that it was, because

within thirty days after the entry of the judgment a motion to vacate the same had been entered, and the final order on that motion overruling the same had been made within thirty days of the issuance of the writ. The question was discussed at considerable length, whether the money judgment or the order overruling the motion to vacate was the final order, "so as to start the running of the time limited for suing out a writ of error."

This discussion, it would seem, implied that the Court was not then prepared to hold the thirty days limitation invalid, although the point does not appear to have been raised, and we cannot therefore perhaps definitely assume that the Court intended to pass on it.

It may be noted that writs of error are new suits, not the continuance of old ones, and that as new suits they are subject to valid statutes of limitation, particular in their application, such as statutes limiting the time within which assignees in bankruptcy can be sued. International Bank v. Jenkins, 104 Ill. 143; International Bank v. Jenkins, 107 Ill. 291.

Perhaps like reasoning might lead to the conclusion that the statute making a special limitation in favor of persons recovering judgments in the Municipal Court of Chicago is valid, applying to all courts of review alike, and not varying their practice or procedure. At all events, under the state of the decisions we have reviewed we do not feel justified in holding that the Supreme Court has definitely passed on the thirty day limitation to writs of error, and the writ of error in this case must therefore be dismissed by us.

*Writ of error dismissed.*