## Arthur Grey, Trustee, Defendant in Error, v. Julius Cohen et al., copartners as Cohen, Bloom & Company, Plaintiffs in Error.

### Gen. No. 17,759.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits sufficient.* Affidavit of merits stating that affiant believes he has a good defense to the suit on the merits to the whole of plaintiff's demand, and that the nature of the defense is that the account sued on was not assigned to plaintiff, and that the account was paid by defendant to the person entitled, *held* to set up a good defense.

2. MUNICIPAL COURT OF CHICAGO, § 23*—*validity of statute governing writ of error.* Section 23 of Municipal Court Act, J. & A. ¶ 3335, in so far as it requires a writ of error to be sued out within thirty days after entry of final judgment, is invalid.

3. MUNICIPAL COURT OF CHICAGO, § 25*—*time for suing out writ of error.* Time for suing out a writ of error from the Municipal Court is governed by the Practice Act.

4. MUNICIPAL COURT OF CHICAGO, § 26*—*when bill of exceptions or statement of facts may be stricken.* Where record does not show that bill of exceptions or statement of facts was presented, signed

---

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

or filed in time provided by statute and does not show an order of extension within such time, a motion to strike such bill of exception or statement of facts from the record must be sustained.

5. Appeal and error. § 1198*—*when interlocutory orders not reviewable.* An order permitting or denying an amendment of the record entered long after the final judgment and after a writ of error was sued out cannot be reviewed.

Error to the Municipal Court of Chicago; the Hon. Arnold Heap, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed and remanded. Opinion filed October 14, 1913.

Benjamin E. Cohen, for plaintiffs in error; H. J. Rosenberg, of counsel.

Silber, Isaacs, Silber & Woley, for defendant in error, and Martin J. Isaacs and James D. Woley, of counsel.

Mr. Presiding Justice F. A. Smith delivered the opinion of the court.

This writ of error brings before us for review a judgment by default entered in the Municipal Court of Chicago in favor of defendant in error and against plaintiffs in error.

A motion on behalf of defendant in error is interposed (a) to strike from the record the bill of exceptions or statement of facts, and (b) to dismiss the writ of error.

Defendants, plaintiffs in error, entered their appearance April 26, 1911, and filed their affidavit of merits which, on May 4, 1911, was stricken from the files. On May 18, 1911, no amended affidavit of merits having been filed, a judgment was rendered in the Municipal Court in favor of defendant in error, by default for want of appearance.

The record then shows that several orders were made, continuing the cause from time to time; and on June 30, 1911, a motion was made and denied by the

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

court to vacate the judgment of May 18, 1911. On July 20, 1911, a motion was made by defendants, plaintiffs in error, to vacate the order of June 30, 1911, which motion was overruled; and the defendants thereupon moved the court to amend the record, and the court ordered the motion to be entered. On July 20, 1911, this writ of error was sued out to review the judgment, and was filed in the Municipal Court. On July 27, 1911, an order was entered extending the time thirty days for plaintiffs in error to file a statement of facts, and on August 26, 1911, a bill of exceptions or statement of facts was marked "presented" by the trial judge. On September 13, 1911, it was filed in the Municipal Court *nunc pro tunc* as of August 26, 1911, and on the same day the motion for leave to amend the record was denied.

The object of the motion to amend the record, as disclosed by the interlocutory bill of exceptions, so-called, was to make the record show that within thirty days, from May 18, 1911, a motion to vacate the judgment was duly made. An order permitting or denying an amendment of the record is interlocutory, and this order was entered long after the final judgment and after this writ of error was sued out, and cannot be reviewed in this proceeding. Encyc. Pl. & Pr. vol. 7, p. 899, *Hughes v. Felton,* 11 Colo. 489; *Hunt v. People,* 76 N. Y. 89.

The record does not show that the bill of exceptions or statement of facts was presented, signed or filed within the statutory period of thirty days after the entry of the judgment. It shows no order of extension within that period of time. The motion to strike from the record the bill of exceptions or statement of facts must be sustained. *Lassers v. North German Steamship Co.,* 244 Ill. 570.

It is urged in support of the motion of defendant in error to dismiss the writ of error that it was not sued out within thirty days after the entry of the final judgment as provided in section 23 of the Municipal Court

Act (J. & A. ¶ 3335), and *Schindler v. Edwards*, 134 Ill. App. 637; *Benjamin v. Chicago, I. & L. Ry. Co.*, 140 Ill. App. 312; *Chicago Title & Trust Co. v. Kemler Lumber Co.*, 151 Ill. App. 579; *Novelty Tufting Mach. Co. v. Peters & Roberts Furn. Co.*, 170 Ill. App. 134; *Goldstein v. Miller*, 173 Ill. App. 664, and *Hosking v. Southern Pac. Co.*, 243 Ill. 320, are cited in support of the position. In the *Hosking* case, *supra*, this question was not involved for the reason that the writ of error in that case was sued out within thirty days from the date when the judgment became final, and the language used on page 324 of the opinion must be read with reference to the question before the court. The other cases above mentioned have been overruled by the Supreme Court in *Clowry v. Holmes*, 238 Ill. 577; *David v. Commercial Mut. Acc. Co.*, 243 Ill. 43; and *People v. Hibernian Banking Ass'n* 245 Ill. 522, in which the Supreme Court has held that the various provisions of section 23 of the Municipal Court Act, with reference to suing out writs of error to review final orders or judgments of the Municipal Court, are in conflict with the constitution and, therefore, void, and that such writs of error must be sued out under the provisions of the general Practice Act; and, as we are preparing this opinion, our attention is called to the case of *Hoffman v. Paradis*, 259 Ill. 111, which holds that in so far as section 23 of the Municipal Court Act limits the time to thirty days within which a writ of error may be sued out to review a final order or judgment of the Municipal Court, that section is unconstitutional and void, and that the time for suing out a writ of error is a matter affecting the practice in the Supreme and Appellate Courts, and is governed by the Practice Act and not by the Municipal Court Act.

The motion to dismiss the writ of error must, therefore, be denied.

The affidavit of defense which was stricken from the record states that affiant verily believes that said defendants have a good defense to this suit upon the mer-

its to the whole of the plaintiff's demand, and that the nature of the defense is that said account sued upon was not assigned by the American Shirt Company to said plaintiff, and that said account was paid by said defendants to the person or persons entitled to receive the same. In our opinion the affiant set up a good defense, at least in so far as it denied the assignment, and it was erroneously stricken.

As above stated the defendants entered their written appearance when the affidavit of merits or defense was filed. The judgment entered by the court was "by default for want of appearance." This was contrary to the record and the fact and was irregular.

For the error indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*