(No. 15937.—Reversed and remanded.)
WILLAMAE N. WILLIAMS, Appellee, *vs.* THE WEBSTER HOTEL COMPANY, Appellant.

*Opinion filed December 16, 1924.*

1. PRACTICE—*what provisions of section 23 of Municipal Court act are valid.* Section 23 of the Municipal Court act, which provides the manner of prosecuting writs of error to review the judgments of the municipal court, is invalid in so far as it undertakes to regulate the practice in the Appellate Court by limiting such review to writs of error, but in so far as the section affects the jurisdiction, record and practice in the municipal court, only, its provisions are valid.

2. SAME—*jurisdiction to review judgments of municipal court is given by Appellate Court and Practice acts.* The jurisdiction of the Appellate Court to review judgments of the municipal court, whether by writ of error or by appeal, is not derived from the Municipal Court act but exists by reason of the Appellate Court act and the Practice act.

3. SAME—*appeals from judgments of municipal court are governed by the Practice act—bills of exceptions.* Section 23 of the Municipal Court act applies only to writs of error and has nothing to do with appeals from judgments of the municipal court, but the general provisions of the Practice act control the proceedings for taking appeals, including the filing of bills of exceptions, and by section 19 of the Municipal Court act the proceedings are the same as in the circuit courts.

4. SAME—*court may at subsequent term extend time for filing bill of exceptions.* Under the Practice act the trial court may, at a term subsequent to the judgment term, enter an order extending the time for signing and filing a bill of exceptions, provided this is done before the expiration of the time previously allowed.

5. REPLEVIN—*what question of law is presented on motion to dismiss suit.* Where the defendant offers no evidence but moves to dismiss the suit after the plaintiff's evidence is in, such motion admits the truth of the testimony for the plaintiff in its most favorable aspect, and the only question of law which the case presents and which can be reviewed on appeal from the court's action dismissing the suit is whether the plaintiff's evidence tends to establish a cause of action.

6. SAME—*when Appellate Court should remand for new trial.* Where the court dismisses an action of replevin, on motion of the defendant, after the plaintiff's evidence is in, the Appellate Court, holding upon appeal that the trial court erred in finding the plaintiff's evidence insufficient to sustain an action, should not reverse with directions to enter judgment for the plaintiff but should remand the cause for a new trial.

APPEAL from the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. GEORGE B. HOLMES, Judge, presiding.

McGILVRAY, EAMES, VAUGHAN & TILLEY, for appellant.

DAVID D. STANSBURY, (MAX HALEFF, and SAMUEL C. MORRIS, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

In an action of replevin in the municipal court of Chicago a judgment was rendered in favor of the defendant, the Webster Hotel Company, against the plaintiff, Willamae N. Williams, for costs, and a return of the property replevied was awarded. The plaintiff appealed to the Appellate Court, which reversed the judgment and remanded the cause, with directions to render judgment for the plaintiff. The Appellate Court made a certificate of importance and allowed an appeal to the Webster Hotel Company, which was the appellee in that court. The appellee in the Appellate Court moved to strike the bill of exceptions from the transcript of the record, and the denial of this motion is assigned for error.

315—5

The case was of the fourth class, the practice in which is regulated by section 23 of the Municipal Court act. That section provides that the final orders and judgments of the municipal court in cases of the fourth class shall be reviewed by writ of error, only, and purports to prescribe the manner of prosecuting such writ of error. In part the section undertakes to regulate the practice in the Appellate Court, and some of these regulations have been held invalid because they violate constitutional limitations. (*Clowry* v. *Holmes,* 238 Ill. 577; *David* v. *Commercial Mutual Accident Co.* 243 id. 43; *People* v. *Hibernian Banking Ass'n,* 245 id. 522; *People* v. *Cosmopolitan Fire Ins. Co.* 246 id. 442; *Israelstam* v. *United States Casualty Co.* 272 id. 161; *Hoffman* v. *Paradis,* 259 id. 111; *Goldstein* v. *Muller,* 259 id. 237.) In so far as the section affects the jurisdiction, record and practice in the municipal court, only, its provisions have been sustained when they have been brought before this court for consideration. *Lassers* v. *North-German Steamship Co.* 244 Ill. 570; *Wurlitzer Co.* v. *Dickinson,* 247 id. 27; *Haines* v. *Knowlton Danderine Co.* 248 id. 259.

The motion to strike the bill of exceptions was founded on paragraph 6 of section 23 of the Municipal Court act, which provides that upon application made at any time within thirty days after the entry of any final order or judgment, or within such further time as may, upon application therefor within said thirty days, be allowed by the court, it shall be the duty of the judge by whom said final order or judgment was entered, to sign and place on file in the case in which the same was entered, if so requested by either of the parties to the suit, either a correct statement of the facts appearing upon the trial and of all questions of law involved and the decisions of the court upon such questions, or a correct stenographic report of the proceedings at the trial and a correct statement of such other proceedings as such party may desire to have reviewed by the Supreme Court or the Appellate Court. The judgment

in the present case was entered on November 18, 1922. No further time was allowed by the court within thirty days from the judgment, but on January 16, 1923, an order was entered extending the time for filing a bill of exceptions to January 24, 1923, and the bill was filed on January 23. It was held in the first of the three cases last cited, that the power did not exist in the municipal court, after the expiration of thirty days from the entry of the judgment in a fourth-class case, to extend the time for filing the statement of facts or stenographic report provided for in paragraph 6 of section 23 of the Municipal Court act. The second of those cases followed the first, and held further that the provisions of the statute upon this point could not be waived by stipulation. The third case followed the other two and applied the principle announced in them to first-class cases, holding that by the amendment of section 38 of the Municipal Court act in 1907 the legislature had effectually denied to the court the power, after sixty days from the entry of judgment, to extend the time for tendering a bill of exceptions, and that the parties could not by stipulation authorize the court to do what the law had denied it the power to do.

The first two cases just referred to were taken to the Appellate Court by writs of error and were decided by the application to them of the provision contained in paragraph 6 of section 23 limiting to thirty days the time within which the court was authorized to allow further time to file a statement of facts or a stenographic report. That paragraph, and indeed the whole section, dealt only with writs of error. It did not give the right of review by writ of error. The jurisdiction of the Appellate Court to review judgments of the municipal court, whether by writ of error or by appeal, is not derived from the Municipal Court act but exists by reason of the Appellate Court act and the Practice act. (*Hosking* v. *Southern Pacific Co.* 243 Ill. 320; *People* v. *Cosmopolitan Fire Ins. Co. supra; Israelstam* v. *United States Casualty Co. supra.*) Section 23 purported to re-

strict the right of review of judgments of the municipal court in cases of the fourth class to writs of error, only, and provided for the manner of presenting such writs. That was the whole subject matter of the section, which had nothing to do with appeals. (*Field & Co.* v. *Nyman,* 285 Ill. 306.) The provision that judgments in fourth-class cases could be reviewed by writ of error, only, was held unconstitutional in *Israelstam* v. *United States Casualty Co. supra.* The act made no provision for the manner of prosecuting appeals from judgments in fourth-class cases. Such proceedings were controlled by the general provisions of the Practice act. Section 19 of the Municipal Court act provides that until otherwise determined in the manner thereinafter provided,—that is, by rules of court,—and except as by the act otherwise prescribed, the practice in the municipal court should be the same, as near as might be, as that which might from time to time be prescribed by law for similar suits or proceedings in circuit courts, except that in cases of the fourth and fifth classes the issues should be determined without other forms of written pleadings than those in the act afterward expressly prescribed. The practice of the circuit court in regard to preserving for review the action of the court by bills of exception is governed by the Practice act, and it is well established that the circuit court may, at a term subsequent to the judgment term, enter an order extending the time for signing and filing bills of exception, provided this is done before the expiration of the time previously allowed. (*Spiehs* v. *Insull,* 278 Ill. 184.) Section 21 of the Municipal Court act provides there shall be no stated terms of the court but the court shall always be open for business. The question is of no importance here, for at the time the judgment was rendered, on November 18, sixty days was allowed for filing a bill of exceptions, and January 16, when the further time to January 24 was allowed, was within the limit of the first extension.

The appellant was the proprietor of a hotel, in which the appellee occupied rooms from November 18, 1920, to June 25, 1922, when the rooms were locked against her. The replevin suit was brought to recover the possession of trunks, clothes and other articles in the rooms which the appellant claimed the right to retain by virtue of an inn-keeper's lien. The cause was submitted to the court without a jury. The evidence consisted of the testimony of the appellee and her husband and a written demand of possession. The appellant offered no evidence but at the close of the appellee's evidence moved to dismiss the suit. The court sustained the motion, dismissed the suit, rendered judgment against the plaintiff for costs and awarded a return of the property. The appellant's motion admitted the truth of the testimony for the plaintiff in its most favorable aspect for her. It appeared from the testimony that the appellee's husband, upon being shown rooms by the manager of the hotel, agreed to take the rooms by the year at $185 a month, bills to be rendered weekly at that rate. Nothing was said about food. The appellee and her daughter occupied the rooms until June 25 or 27, 1922. Her husband did not live there until March, 1921, when he went there and lived there afterward with his wife and daughter except when he was out of town. He renewed the agreement in December, 1921, for another year. The hotel was what is known as a family hotel. People did not come and go in the same way as in other hotels but the majority of them were permanent residents. Bills were presented weekly, including the account at the restaurant. At the time the suit was brought the appellee's husband owed the appellant $600. The appellee's husband served a written demand for the possession of the property on the appellant.

Section 2 of the act of 1909 for the protection of inn-keepers (Laws of 1909, p. 252,) declares that every hotel proprietor shall have a lien upon all the baggage and effects brought into said hotel by his guests for any and all proper

charges due him from such guests for hotel accommodations. The decision of the case depended upon the character of the relation between the appellant and the appellee's husband, whether that of innkeeper and guest or not, and the further question, if that relation existed, whether the lien of the statute extended to the property of the appellee. The only question of law which the case presents, and the only question which we can consider, is whether the evidence tends to establish a cause of action. The evidence tends to show a lease for a definite term, at a fixed monthly rate, of specific rooms, of which the appellee's husband, with his wife and daughter, was given and retained exclusive possession; that there was no contract about food or boarding, though the appellee's husband did have an account with the restaurant, which it may be inferred was maintained on the premises, and the amount was presented with the weekly bill for the rooms. Even though it appeared, as it does not, that travelers were received as transient guests for no definite date and at no fixed price but for a reasonable consideration, this fact, whatever might have been the appellant's relations to such persons, could not affect its relation to the appellee's husband under its contract with him. It cannot be said that the evidence in the record is insufficient, as a matter of law, to sustain the judgment. The municipal court erred in holding that it was insufficient. On this question of law the Appellate Court differed from the municipal court, and having reversed the judgment for a difference of opinion on this question it should have remanded the cause.

The judgments of the Appellate Court and of the municipal court will be reversed and the cause will be remanded to the municipal court for a new trial.

*Reversed and remanded.*