(No. 19361.—

E. J. PAULER, Plaintiff in Error, *vs.* ROBERT F. BATES, Defendant in Error.

*Opinion filed April 20, 1929.*

WILLIAM R. WILEY, for plaintiff in error.

Moses, Kennedy, Stein & Bachrach, (Seymour A. Greenblatt, of counsel,) for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

This cause is here on writ of *certiorari* to review the judgment of the Appellate Court for the First District affirming the judgment of the municipal court of Chicago in a fourth-class action on a promissory note executed by Bates to Pauler. On appeal to the Appellate Court that court found that there was in the record a statement submitted to and certified by the trial judge as a correct statement of facts appearing on the trial and of all questions of law involved in the case, and that such did not comply with section 23 of the Municipal Court act so as to furnish a record for review authorized by the section, and the court accordingly, on motion, struck out that portion of the record, and as all assignments of error were considered to be predicated on the rulings of the court and the admission and exclusion of evidence, and upon various motions which were included in the portion of the record stricken, the judgment was affirmed.

The certificate of the trial court affixed to the statement or transcript of the evidence was as follows: "Forasmuch as the foregoing matters do not otherwise appear of record, the plaintiff tenders this transcript to the presiding judge of said municipal court and requests said judge to sign and place the same on file in the said case. It is therefore hereby certified by the undersigned judge of the municipal court of Chicago that the foregoing is a correct statement of the facts appearing upon the trial of said cause and of all questions of law involved in said case and the decisions of the court upon all such questions of law."

Section 23 of the Municipal Court act applies to writs of error, and requires that within thirty days after the entry of a final judgment, or within such further time as

the court shall allow, the judge by whom the final order or judgment was entered shall sign and place on file in the cause, if requested by either party, either a correct statement to be prepared by the party of the facts appearing on the trial and all questions of law involved and the decision of the court thereon, or, if the party shall so elect, a correct stenographic report of the proceedings of the trial and a correct statement of such other proceedings in the cause as the party may desire to have reviewed by a court of review. Where a review of a judgment of the municipal court in a fourth-class case is sought by appeal section 23 does not apply, but the proper way to preserve the record is by bill of exceptions and not by a statement or stenographic report, as provided for in that section. (*Williams* v. *Webster Hotel Co.* 315 Ill. 64.) Section 81 of the Practice act includes three methods of preserving the record, which are, by bill of exceptions, certificate of evidence and report of trial. These methods are by that section treated as very much the same, and the practice under one method should not differ materially from the practice under the other. By section 81 the legislature intended to treat bills of exception, certificates of evidence and reports of trial as meaning substantially the same thing. (*Miller* v. *Anderson*, 269 Ill. 608.) The certificate of the trial judge in this case was sufficient to constitute a certificate to a bill of exceptions, and the Appellate Court therefore erred in allowing the motion of Bates to strike the bill of exceptions from the record.

The judgment of the Appellate Court is therefore reversed and the cause remanded to that court, with directions to hear the cause on its merits.

*Reversed and remanded, with directions.*