MISSOURI SECURITIES CORPORATION, PLAINTIFF IN ERROR, v. THE MORRIS WENTWORTH BANK, DEFENDANT IN ERROR.

Kansas City Court of Appeals. February 17, 1930.

*Fyke & Hall* for plaintiff in error.

*Arthur N. Adams, Eaton Adams* and *Arthur N. Adams, Jr.,* for defendant in error.

BLAND, J.—This is an action upon four tax bills issued by Kansas City. The suit was begun in the circuit court on April 10, 1918. On April 11th of that year summons was issued and delivered to the sheriff returnable to the May, 1918, term of the court. On May 13, 1918, the sheriff made a *non est* return upon said summons. No further proceedings were had in the cause until October 31, 1927, at which time the defendant appeared specially and filed a motion to dismiss the case, which motion was sustained on November 18, 1927, and judgment dismissing the cause rendered against plaintiff. In due time plaintiff filed its motion to set aside said judgment and to grant it a new trial, which motion was, on December 13, 1927, overruled. Plaintiff appealed to this court but on October 2, 1928, it dismissed the appeal. On October 9, 1928, plaintiff sued out this writ of error.

In sustaining defendant's motion to dismiss, the trial court evidently relied upon the decision of this court in Weaver v. Woodling, 272 S. W. 373, holding that "process must be regularly continued from term to term, and if a *hiatus* is permitted to intervene between successive processes it will operate as a discontinuance." However, after the rendition of the judgment by the trial court the Supreme Court in the case of Ferber v. Brueckl, 17 S. W. (2d) 524, overruled the Weaver case and held that failure to have an *alias* issued at the return term, and succeeding *pluries* writs at every succeeding term until service, does not work a discontinuance of the suit.

Defendant does not attempt to sustain the action of the trial court, and of course, in view of the holding of the Supreme Court in the Ferber case, it cannot be upheld, but has filed here a motion to quash the writ of error. In support of this motion defendant claims that under the provisions of the Charter of Kansas City, in order to preserve the lien of the tax bills, it was necessary to institute suit upon them within two years from their date "and to continue the legal proceedings without interruption;" that the tax bills were issued on April 11, 1918; that the suing out of the writ of error was the commencement of a new suit; that such suit having been commenced on October 9, 1928, or more than two years after the issuance of the tax bills, this suit by writ of error is barred.

In this connection it is claimed:

"Plaintiff in error's lien on its tax bills and cause of action therefor were extinguished when it discontinued the suit filed on said tax bills by dismissing its appeal on October 2, 1928."

It is true that the suing out of a writ of error in this State is the commencement of a new suit and not a continuation of the suit below to which it relates. [Turner v. Edmonston, 210 Mo. 411.] But the new suit is not the original cause of action but is a suit to annul and set aside the judgment of the court below. [3 C. J., p. 304.] Defendant quotes from 3 C. J., p. 305, as follows:

"Another of the consequences of a writ of error being in effect a new suit is that the writ comes within the application of the Statutes of Limitations."

We have examined each and every case cited in the note in support of this statement by Corpus Juris, including the case of The Novelty Tufting Machine Co. v. Peters & Furniture Co., 170 Ill. App. 134, cited by defendant, and find that in each of them the Statute of Limitation was applied to the time expiring between the rendition of the judgment and the suing out of the writ of error. Our statute, section 1487, provides: "All writs of error upon any judgment or decision of any court in any case, whether civil or criminal, shall be brought within one year after the rendering of such judgment or decision and not thereafter," etc. It is this Statute of Limitations that is here involved and not the limitation contained in the Charter of Kansas City relative to the time in which suits on tax bills may be commenced.

It is not true that a mere dismissal of an appeal in this court acts as a discontinuance, abandonment or dismissal of the cause of action. If this were true, then, after such a dismissal, the suit being at an end, it would be impossible to sue out a writ of error directed at the judgment in the case in the court below. However, it has been held repeatedly that after a dismissal of an appeal in an appellate court the appellant may sue out a writ of error if he does so within the time prescribed by section 1487. [See First National Bank of Joplin v. Carter, 243 S. W. 234, 235.]

The motion to quash the writ is overruled and the judgment of the trial court is reversed and the cause remanded with directions to set aside the judgment of dismissal and to reinstate the cause. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.