**WASSERSTROM et, Plaintiffs-Appellants, v. PEARCE, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 3477.   Decided May 5, 1943.

See also **37 Abs 434.**

William Wasserstrom, Columbus, and Harry Kohn, Columbus, for plaintiffs-appellants.

Horace S. Kerr, Columbus, for defendant-appellee.

**OPINION**

BY THE COURT:

Submitted on motion of plaintiffs-appellants for a revision of findings.

The motion is predicated upon the claim of changed condition by reason of the fact that in the divorce case of Beverly W. Pearce, Plaintiff, v. Emma I. Pearce, Defendant, Court of Common Pleas, Franklin County, Ohio, Division of Domestic Relations, recently terminated, the court incorporated into the judgment entry the written agreement between the parties to the divorce case upon which the plaintiffs-appellants in this case predicated their case in the Municipal Court of the City of Columbus, Ohio.  This entry is attached to the motion and carried as "Exhibit A".  It is urged that this court has the authority, the responsibility and the duty of modifying or changing the affirmance heretofore made of the Municipal Court.

We are cited to §11363 GC and 3 C. J., 740, 741.  We find no provision in the statute which authorizes the relief sought by appellants' motion.  In the citation 3 C. J. at 740 this statement is made,

2

"Of course, where the evidence, if there was any, to establish part of plaintiff's cause of action was not introduced at the trial, it cannot be considered on appeal." Citing a Colorado case.

We have particularly examined Note 80, 3 C. J., 740, and find that the one case cited, Clowry v. Holmes, 238 Ill., 577, 87 N. E., 303, related to a constitutional question which could not have been raised in the lower courts and was held to have been properly raised in the Supreme Court. The propostion which was considered by the Supreme Court was exemplified on the record in that court. Note 81, same volume and page of C. J., also cites cases wherein questions not urged in the lower court were considered and adjudicated in the reviewing courts but without exception they related to the jurisdiction of the lower court or the right of a party to maintain at all the action reviewed.

The obvious bar to the order sought by the motion is the inability of this court to give consideration to the effect of the entry entered in the divorce case in the Domestic Relations Court months after the appeal was determined here and many months after the cause was originally determined in the trial court. This may only be done if Exhibit "A" may properly become a part of the record on the appeal. The appeal to this court being upon questions of law precludes this court taking any testimony to be made a part of the record for review.

The appellants instituted their action at a time when the factual situation was essentially different than now developed by the entry in the divorce case. They elected to pursue their legal rights upon the facts existent at the time they filed their action and prosecuted their appeal upon the record made in the Municipal Court. If by reason of changed conditions their rights have been enlarged, then the place to assert these rights is in the court of original jurisdiction and not in this appellate court on review. Obviously, the mere fact that the court in the divorce case adopted and made a part of its judgment entry the written agreement between the parties is not, in and of itself, conclusive of the rights of the plaintiffs to a judgment in their behalf. If conditions have changed to the advantage of plaintiffs it may be that other conditions have developed which would be favorable to the defendant, and this court in this proceeding is not the place to make that adjudication.

The motion is not well taken and the action of this court is and was responsive to the record before us and may not be changed by reason of the developments sought to be brought onto the record by the entry in the Domestic Relations Court.

The motion will be overruled.

BARNES, P. J., GEIGER and HORNBECK, JJ., concur.